IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEFFREY GLENN ALBERSON                                              PLAINTIFF

v.                              CIVIL NO. 16-5305

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jeffrey Glenn Alberson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on July 28, 2014, alleging an inability to work since June 30, 2010,[1] due to severe bunions on both feet; a phalanges mediae amputation right foot; diabetes; anxiety; and back problems/compression fracture 5th vertebra. (Tr. 72, 157). An administrative hearing was held on June 23, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 48-70).

By written decision dated August 13, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 23). Specifically, the ALJ found Plaintiff had the following severe impairments: Endocrine

---
[1] Plaintiff, through his counsel, amended his alleged onset date to July 14, 2014. (Tr. 21, 51-52).

1

Disorder (Diabetes Mellitus with peripheral neuropathy); Musculoskeletal Disorders (Back Disorder, degenerative disc and joint disease with history of compression fracture) and (Osteomyelitis, Periostitis, and Other Infections involving bone, amputation of right toe); and Cardiovascular Disorder (Hypertension without end organ damage). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except as follows: The claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of at least two hours in an eight hour workday. The claimant can occasionally stoop or crouch. The claimant is not able to walk other than during normal work breaks.

(Tr. 26). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler and a document preparer. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 25, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 6th day of February 2018.

                                                  /s/ *Erin L. Wiedemann*
                                                  HON. ERIN L. WIEDEMANN
                                                  UNITED STATES MAGISTRATE JUDGE